## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JULIUS KORNHAUSER,

      Petitioner,

v.

WARDEN DAVID ORTIZ,

      Respondent.

Civil Action No. 19-21710 (RBK)

**OPINION AND ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2241.  In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to §

2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened

the Petition for dismissal and determined, *with the following caveats*, that dismissal without an

answer and the record is not warranted.  The Court will grant in part Petitioner's motion for

expedited relief and order an expedited response from Respondent.

That said, the Court will *only* permit Petitioner's claims as to his halfway house release

date to proceed.[1]  As to the remainder of the Petition, under § 2241(c)(3), "[t]he writ of habeas

corpus shall not extend to a prisoner unless . . .. He is in custody in violation of the Constitution

or laws or treaties of the United States."  In other words, a petitioner must satisfy: "the status

---

[1] Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See, e.g., Callwood v. Enos,* 230 F.3d 627, 634 (3d Cir. 2000).  In some cases, however, courts have excused a failure to exhaust where it appeared that if a petitioner's claim were meritorious, they would be released to a halfway house sooner than the estimated time to exhaust his administrative remedies. *See, e.g.*, *Ferrante v. Bureau of Prisons,* 990 F. Supp. 367, 370 (D.N.J. 1998) (citing *Snisky v. Pugh,* 974 F. Supp. 817, 819 (M.D. Pa. 1997)); *see also Rodriguez v. Shartle*, No. 12-1656, 2012 WL 5451458, at *1 (D.N.J. Nov. 7, 2012).  The Court finds that the circumstances as stated *may* excuse Petitioner's failure to exhaust and are sufficient, at least, to survive screening.

requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g.*, *Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *4 (D.N.J. May 12, 2009) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claims seeking specific medical care do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner's challenges to his medical care, however, do not challenge the fact or duration of his custody, *i.e.*, his *conviction or sentence*, as unconstitutional.

Stated differently, because a finding in Petitioner's favor on his medical requests, such as ordering Respondent to give him insulin or his other requested medical treatment "would not [directly] alter [the length of] his sentence or undo his conviction," he cannot proceed on those claims by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi v. Ebbert*, 353 F. App'x 681, 681 (3d Cir. 2009); *see also Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (holding that claims of inadequate medical care "do not sound in habeas corpus").

Consequently, to the extent that Petitioner seeks relief in the form of specific medical treatment, the Court will dismiss those claims for lack of jurisdiction, without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

Accordingly, IT IS on this  28th  day of February 2020,

**ORDERED** that to the extent the Petition seeks relief in the form of specific medical treatment, those claims are DISMISSED for lack of jurisdiction without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court; and it is further

**ORDERED** that the Clerk shall serve a copy of the Petition (ECF No. 1), Petitioner's motion (ECF No. 2) and this Opinion and Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall forward a copy of the Petition (ECF No. 1), Petitioner's motion (ECF No. 2), and this Opinion and Order to the Chief, Civil Division, United States Attorney's Office, at the following email address:  USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that Petitioner's motion to expedite (ECF No. 2) is GRANTED IN PART; and it is further

**ORDERED** that Petitioner's motion requesting mandamus to expedite screening (ECF No. 7) is DENIED AS MOOT; and it is further

**ORDERED** that within twenty (20) days of the date of the entry of this Order, Respondent shall file and serve an expedited answer or motion, which responds to the allegations and grounds

in the Petition and which includes all affirmative defenses Respondent seeks to invoke; and it is further

**ORDERED** that Respondent shall file and serve with the expedited answer or motion, certified copies of all documents necessary to resolve Petitioner's claim(s) and affirmative defenses; and it is further

**ORDERED** that within twenty (20) days of receipt of the expedited answer or motion, Petitioner may file a reply to Respondents' submission; and it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail.

       s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge